IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Crystal Pelfrey White, | ) | C.A. No. 3:08-cv-0553-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | **DENYING MOTION TO** |
| | ) | **VACATE JUDGMENT** |
| Wal-Mart Stores, Inc., d/b/a Wal-Mart | ) | |
| Supercenter of 1283 Broad St., Sumter, SC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's motion to vacate the order granting judgment on the pleadings as to Plaintiff's claims for defamation and false imprisonment. Dkt. No. 17 (order); Dkt. No. 21 (motion to vacate). The decision Plaintiff seeks to vacate was entered, in part, based on Plaintiff's failure to file any opposition to Defendant's motion to dismiss the relevant claims. For the reasons set forth below, Plaintiff's motion is denied.

## STANDARD

Plaintiff relies on Rule 60(b) of the Federal Rules of Civil Procedure**.** Dkt. No. 21 at 1. A court may alter or amend its prior judgment on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or manifest injustice." *Pacific Ins. Co. v. Am. Nat't Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

**I.    Plaintiff has failed to establish excusable neglect for failing to respond and thus has demonstrated no manifest injustice.**

Plaintiff concedes that her attorney received the notice of electronic filing ("NEF") advising Plaintiff that Defendant's motion to dismiss had been filed. In her opening memorandum, however, Plaintiff suggests that the notice was defective because the motion and supporting memorandum

were not "attached" to the NEF. Dkt. No. 21 at 1 ("Plaintiff's counsel did receive electronic notice of the filing of a motion, but no motion was attached to said notice and the motion was not filed upon the Plaintiff."). Plaintiff clarifies the claimed defect in the NEF in her reply, again conceding receipt but suggesting that the link was somehow absent from the NEF:

> Plaintiff was served with a notice that a document had been filed. However, the notice received by the Plaintiff (attached hereto as Exhibit A) *did not contain the usual link* to access the document itself. Plaintiff never received the document with the link as is normally the case in electronic filing and anticipated that said document would be forthcoming.

Dkt. No. 24 at 1 (emphasis added).

Plaintiff does not provide any reasonable explanation for her assumption that the referenced motion and supporting memorandum would be served in some other manner due to the claimed defect in the NEF. For example, Plaintiff does not suggest that she notified either the court or opposing counsel of the claimed defect. Nor does she provide any other basis for the implicit assumption that the court or opposing counsel were on notice of the claimed defect in the NEF.[1] Any such assumption is, in any event, contrary to the plain language of the NEF which lists Plaintiff's attorney among those electronically served.

As explained in § 2.4 of the ECF Policies and Procedures ("ECF Policies"), **"**Registration as a *Filing User* . . . constitutes consent to electronic service of all documents (except service of a summons and complaint under Fed. R. Civ. P. 4). . . . [and] [t]he document is deemed served . . . upon transmission of the *NEF* indicating that the document was sent electronically." Thus, it is the transmission of the NEF, not the opening of the link, that constitutes service. *See also* ECF Policies

---

[1] The court has confirmed with support staff that the NEF link was not opened. The court cannot determine whether the NEF was defective. For present purposes, the court will assume that Plaintiff's attorney attempted to open the NEF but was unable to do so.

2

§ 11.2.1(a) ("Transmission of the *NEF* constitutes service of the filed document on *Filing Users*."). The ECF Attorney User Manual ("AUM") explains the same process of completion of service, and instructs the recipient how to seek assistance in the event the hyperlink on the NEF does not work properly. AUM § I.A.5. (stating that registration as a Filing User constitutes consent to electronic service and advising Filing Users that "[i]f the hyperlink on your e-mailed *NEF* does not work properly, contact the Help Desk.").[2]

The ECF Policies and AUM also impose a duty on the filing party to complete service by other means in the event that party learns of a defect in the electronic service, including relating to the hyperlink. ECF Policies § 11.2.1(c) ("If the *Filing User* becomes aware that the *NEF* was not transmitted successfully to other *Filing Users* . . . or that the notice is deficient, *i.e.*, the hyperlink to the document on the docket is defective, the *Filing User* shall, upon learning of the deficiency, serve the electronically-filed document by e-mail, hand delivery, facsimile, or first-class mail."); *See also* AUM § I.A.5. ("If you learn that another party did not actually receive service despite being listed as served on the *NEF*, you are responsible for further service. *See* ECF Policies and Procedures § 11.2.1." ). Plaintiff does not, however, suggest that Defendant was ever notified of any problem with the hyperlink. Plaintiff cannot, therefore, rely on the failure of the link in asserting a failure of service.[3]

---

[2] The court's website discloses that the AUM is currently under revision and may be outdated in certain respects. However, the instructions cited in this order have been contained in the manual since this district's initial implementation of Electronic Case Filing and clearly placed Plaintiff's counsel on notice of his duty to seek assistance in the event he experienced difficulties with an NEF link.

[3] That the link did not work when Plaintiff's counsel first attempted to access the filed document does not necessarily mean that it was defective when first received at the e-mail address he designates for receipt of NEFs. This is because the hyperlink in an NEF automatically

3

By her own admission, Plaintiff was on notice of the filing of the motion through her counsel's receipt of the NEF. Assuming the link did not work, her attorney had at least three options to obtain the underlying document: (1) contact the court to alert it to the defective link (to obtain the benefit of the "one free look"); (2) contact the opposing attorneys to alert them to the problem and to request service of the underlying documents through other means; or (3) obtain the underlying documents through PACER (incurring a minimal expense). Plaintiff's attorney's failure to pursue one of these alternatives based on an assumption that further service would be provided is contrary to the plain language of the NEF and the ECF Policies**.** This affirmative decision does not, therefore, constitute excusable neglect and consequently fails to establish that the earlier order must be vacated to prevent manifest injustice.

## II.     Plaintiff has failed to provide support for her claim of a meritorious opposition argument.

Plaintiff argues that the court should vacate its prior order and resolve the motion on the merits because she has "meritorious defenses to Defendant's motion." This also appears to be an argument that vacating the prior order is necessary "to correct a clear error of law or manifest injustice." *Pacific Ins. Co. v. Am. Nat't Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). She explains these defenses, in full, as follows:

> In the present case, Plaintiff's causes of actions for defamation and false imprisonment did not lodge until the resolution of the criminal charges brought by the Defendant in as much as a conviction of the Plaintiff would have nullified these claims and it was necessary for the criminal case to run its course prior to the Plaintiff filing her action.

Dkt. No. 21 at 2.

---

ceases to be effective after the earlier of its first use or fifteen days from transmission. *See* AUM § I.A.5. Thereafter, the document can only be accessed by payment of PACER fees. *Id.*

Plaintiff does not direct the court to any case law, statute, or secondary authority that supports her position. The court is not aware of any such authority. In fact, it seems clear that under South Carolina law, the statute of limitations for defamation begins to run at the time the defamatory statement is made. *Jones v. City of Folly Beach*, 483 S.E.2d 770, 774-75 (S.C. Ct. App. 1997) (finding that the "date of utterance rule" and not the "discovery rule" applies in defamation actions). In this case, any allegedly defamatory statement would have been made on January 18, 2005. *See* Dkt. No. 1-2. at 6. Under these circumstances, the court finds that Plaintiff has not demonstrated that vacating this court's prior order is necessary to correct a clear error of law or prevent manifest injustice.

## CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff has failed to establish grounds for reconsideration or reversal of this court's order dismissing her claims for defamation and false imprisonment. Plaintiff's motion to vacate, therefore, is denied.

IT IS SO ORDERED.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 3, 2008